## 20716

The STATE, Respondent, v. Ray A. "Flip" JACOBS, Appellant.
(245 S. E. (2d) 606)

*Walter W. Brooks,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Kay G. Crowe,* and *Sol. James C. Anders,* Columbia, *for respondent.*

June 19, 1978.

*Per Curiam:*

Appellant was convicted of the possession and sale of marijuana and was sentenced to five (5) years imprisonment suspended upon the service of eighteen (18) months followed by five (5) years probation. The sole issue raised on appeal is whether appellant was denied his right to counsel and his right to the effective assistance of counsel by the trial judge's calling his case to trial when he was not represented by retained counsel and had only the assistance of a public defender requested to sit with him during the trial.

Appellant had turned himself in on May 23, 1977 pursuant to an arrest warrant issued on May 3, 1977 and his trial was held on June 2. On the day of trial, appellant appeared without counsel stating that his brother was supposed to have brought a lawyer and that he had been waiting on him to make the arrangements. Although the trial judge said that he could get the lawyer into court, appellant did not give the name of the attorney nor did he indicate when he expected to retain an attorney if he had not employed one. The trial judge related that he had earlier made a finding that appellant was not indigent and that appellant had advised that he would employ his own lawyer. At that time, he had reduced his bond and had made a telephone available to him. On several occasions thereafter the judge said that he had urged appellant to retain a lawyer and that he had continued the case at least once since appellant had not yet employed an attorney. Appellant, at one point prior to trial, indicated to the judge that he had a lawyer coming, but the record never makes clear whether he had ever retained an attorney.

Appellant never expressly waived his right to counsel but the trial judge found that he was very capable of retaining counsel, that the court had done all it could do to urge him to do so, and that he had still not employed a lawyer. The trial judge asked an attorney from the Public Defender's Office to sit with him during his trial to give him advice and assistance. The attorney advised the court that he was totally unprepared for trial but the trial judge said that appellant's inaction had caused the situation. Appellant agreed to allow the attorney to sit with him but indicated that he wanted him to do nothing further in the case. The trial then proceeded.

In *United States v. Arlen,* 252 F. (2d) 491 (2d Cir. 1958) the court stated as follows:

We think it clear that although a defendant able to retain counsel is entitled to a reasonable time to secure counsel, he may not indefinitely postpone trial by continued applications for more time to seek representation. Whether additional

128

time should be granted is within the sound discretion of the trial court. Further, where a defendant able to retain counsel has been advised by the court that he must retain counsel by a certain reasonable time, and where there is no showing why he has not retained counsel within that time, the court may treat his failure to provide for his own defense as a waiver of his right to counsel and require such defendant to proceed to trial without an attorney.

252 F. (2d) at 494. *See also United States v. Gates,* 557 F. (2d) 1086 (5th Cir. 1977) ; *United States v. Clark,* 499 F. (2d) 802 (4th Cir. 1974) ; *United States v. Casey,* 480 F. (2d) 151 (5th Cir. 1973) ; *United States v. Tortora,* 464 F. (2d) 1202 (2d Cir. 1972) ; *United States v. Terry,* 449 F. (2d) 727 (5th Cir. 1971) ; *Keller v. State,* 75 Wis. (2d) 502, 249 N. W. (2d) 773 (1977) ; *Bostick v. Ricketts,* 236 Ga. 304, 223 S. E. (2d) 686 (1976). On the facts of this case, we feel that the trial judge allowed appellant, a non-indigent, a reasonable time in which to retain counsel and that appellant did not make a sufficient showing of reasons for his failure to have counsel present. He was on several occasions urged to retain counsel and a phone was made available to him and additional time was given him in order for him to make arrangements. When, on the day of trial, counsel was not present, appellant did not name his attorney, if one had been retained, nor did he indicate when counsel would be available. He gave no reasons for the absence of counsel other than that he had been expecting his brother to bring a lawyer.

We conclude that, by his conduct, appellant waived his right to counsel. Thus, it is unnecessary for the Court to consider the adequacy of the assistance afforded appellant by the public defender who sat with him during trial.

Affirmed.