638 S.E.2d 93

**The STATE, Respondent,**

v.

**Clinton ROBERSON, Appellant.**

**No. 4172.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 2006.
Decided Oct. 30, 2006.
Rehearing Denied Dec. 18, 2006.

---

Acting Chief Attorney Joseph L. Savitz, III, of Columbia; for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor David M. Pascoe, Jr., of Summerville; for Respondent.

BEATTY, J.:

Clinton Roberson was tried in absentia and without counsel for the charge of failing to register as a sex offender. After the jury convicted Roberson, the circuit court judge sentenced Roberson to ninety days imprisonment. Roberson appeals the judge's denial of his motion for a new trial. We reverse and remand for a new trial.[1]

## FACTS

On October 6, 1999, Roberson was arrested for failing to register as a sex offender pursuant to sections 23–3–460 and

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

23-3-470 of the South Carolina Code.[2] According to the affida-
vit attached to the arrest warrant, Roberson had been previ-
ously convicted of committing a lewd act on a minor and failed
to re-register as a sex offender after he moved from Dorches-
ter County to Charleston County. Roberson was released on
bond the day after his arrest. The terms of the bond required
Roberson to appear for roll call at the term of general sessions
court in Dorchester County beginning on November 29, 1999.
By signing the bond, Roberson acknowledged that he would be
tried in his absence if he failed to appear in court. The
Dorchester County Solicitor's office mailed to Roberson's last
known address two notices of appearance for the terms of
court scheduled for November 29, 1999, and January 10, 2000.

On February 16, 2000, Roberson was tried in his absence
and without counsel before a Dorchester County jury. After
the jury convicted Roberson of failing to register as a sex
offender, the circuit court judge issued a sealed sentence of
ninety days imprisonment.

On April 24, 2003, Roberson, who was represented by
counsel, appeared before the circuit court to be sentenced.
During this hearing, Roberson inquired whether he was repre-
sented by counsel at trial. Based on this inquiry, Roberson's
counsel moved for a new trial on the grounds Roberson did
not knowingly and voluntarily fail to appear for his trial and
he was denied his right to be represented by counsel at the
trial. Because it was not clear whether Roberson had been
represented at trial, the judge continued the motion until a
trial transcript could be located.

During the hearing on the motion, Roberson's counsel con-
tended Roberson was not aware of the trial date [3] and he was

---

2. These sections outline the requirements for complying with the South
Carolina Sex Offender Registry and the penalties for failing to comply.
S.C.Code Ann. §§ 23-3-460 to -470 (Supp.2005). During the course of
this appeal, both of these statutes were amended effective January 1,
2006, and July 1, 2006. These amendments, however, do not affect the
disposition of this appeal. Act No. 141, 2005 S.C. Acts 1614-16; Act
No. 342, 2006 S.C. Acts ——.

3. Although the record on appeal does not indicate whether Roberson
received the proper notification of his trial date, we note this is not an
issue raised on appeal.

not represented by counsel at trial. Based on these grounds, counsel requested that the circuit court vacate Roberson's conviction and grant him a new trial. In response, the solicitor asserted Roberson waived his right to counsel by failing to appear. Additionally, the solicitor claimed Roberson was apprised of his right to counsel at the bond hearing. At the conclusion of the hearing, the circuit court judge denied Roberson's motion. The judge found that Roberson had waived his right to counsel because the terms of his bond indicated that he would be tried in absence if he failed to appear and he had been informed of his right to counsel at the bond hearing. Roberson appeals.

## DISCUSSION

■ Roberson argues the circuit court judge erred in denying his motion for a new trial because he was denied the right to counsel at trial. We agree.

■ "The Sixth Amendment guarantees criminal defendants a right to counsel. This right may be waived." *State v. Gill*, 355 S.C. 234, 243, 584 S.E.2d 432, 437 (Ct.App.2003) (citations omitted). This court has explained that "[a] defendant may surrender his right to counsel through (1) waiver by affirmative, verbal request; (2) waiver by conduct; and (3) forfeiture." *State v. Thompson*, 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct.App.2003).

Initially, we note neither the first nor the third above-outlined condition has been met to constitute a waiver of Roberson's right to counsel. In terms of the first condition, there is no evidence in the record establishing that a trial judge advised Roberson of his right to counsel and warned him of the dangers of self-representation. *See Prince v. State*, 301 S.C. 422, 423–24, 392 S.E.2d 462, 463 (1990) (discussing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and noting that *Faretta* allows a defendant to waive his right to counsel if the following conditions are satisfied: (1) the accused is advised of his right to counsel and (2) adequately warned of the dangers of self-representation). Furthermore, we reject the State's contention that Roberson implicitly waived his right to counsel by signing his bond form. Although the form stated that Roberson would be tried in his

absence if he failed to appear for his trial, we do not believe that Roberson's acknowledgment of this statement can be construed as an affirmative waiver of his right to counsel.

Regarding the third condition, this court has stated that "[s]ituations where a defendant's own conduct forfeits his right to counsel are unusual, typically involving a manipulative or disruptive defendant." *Thompson*, 355 S.C. at 267, 584 S.E.2d at 137. The record is devoid of any egregious misconduct on the part of Roberson to warrant the drastic sanction of forfeiture of the right to counsel. Significantly, the only apparent misconduct is Roberson's failure to appear at his trial.

Accordingly, we confine our analysis, as do the parties, to the question of whether Roberson waived his right by his conduct, *i.e.*, by failing to appear for trial. In answering this question, we are guided by this court's decision in *State v. Thompson*, 355 S.C. 255, 584 S.E.2d 131 (Ct.App.2003). In *Thompson*, the defendant was tried in absentia and without counsel for the offenses of discharging a firearm into a dwelling and malicious injury to personal property over $1,000 but less than $5,000. After the jury convicted Thompson, the judge issued a sealed sentence. At sentencing, Thompson's counsel moved for a new trial because he was denied the right to counsel. Counsel claimed that Thompson had appeared at four or five roll calls after his arrest. Additionally, counsel alleged that Thompson, despite his request, had been turned down for a public defender because he did not meet the financial requirements to qualify. In terms of Thompson's failure to appear at trial, his counsel informed the court that Thompson was not given adequate notice of the trial date. *Id.* at 260, 584 S.E.2d at 133. The court denied Thompson's motion for a new trial. *Id.* at 260, 584 S.E.2d at 134. On appeal, this court reversed the decision of the circuit court. We held that Thompson's failure to appear at trial did not rise to the level of waiver. *Id.* at 266, 584 S.E.2d at 136. Our decision was based on the following factors: (1) Thompson had not been advised of the dangers and disadvantages of self-representation under *Faretta;* (2) there was no inference in the record that Thompson understood the dangers and disadvantages of self-representation; and (3) Thompson did not

have a prior record which would have familiarized him with the criminal court system. *Id.* at 267, 584 S.E.2d at 137.

Applying *Thompson* to the facts of the instant case, we find Roberson's failure to appear at trial did not constitute an affirmative waiver of his right to counsel. Although Roberson, unlike Thompson, had a prior criminal record, we find this factor alone does not negate the significant fact that Roberson was never advised of proceeding without representation on the current charge. Thus, we cannot infer that Thompson's conduct constituted a waiver of his right.

We are cognizant of the existence of cases where our supreme court has inferred that a defendant waived his right to counsel. In those cases, however, the defendant was represented by counsel prior to trial or had given assurances that he would retain counsel at the time of trial. *See State v. Cain,* 277 S.C. 210, 210–11, 284 S.E.2d 779, 779 (1981) (inferring waiver of counsel and affirming defendant's conviction and sentence where defendant, who was tried in absentia and without counsel for third-offense driving under the influence, failed to fulfill the conditions of his appearance bond and neglected to keep in contact with his attorney despite knowing the trial was imminent); *see also State v. Jacobs,* 271 S.C. 126, 126–28, 245 S.E.2d 606, 607–08 (1978) (inferring defendant waived his right to counsel where: (1) trial court allowed defendant, a non-indigent, reasonable time to retain counsel; (2) trial court urged defendant on several occasions to retain counsel and provided defendant access to a telephone and additional time to make the arrangements; (3) defendant on the day of trial did not name his attorney; and (4) defendant failed to make a sufficient showing of reasons for his failure to have counsel present at trial); *State v. Gill,* 355 S.C. 234, 244, 584 S.E.2d 432, 437–38 (Ct.App.2003) (inferring defendant waived his right to counsel where defendant failed to retain counsel for trial despite his repeated assurances to the court that he intended to hire private counsel and did not require the appointment of a public defender).

Based on the foregoing, we conclude Roberson was deprived of his fundamental right to the assistance of counsel. Because this denial is a *per se* reversible error, we reverse the circuit court judge's decision and remand for a new trial. *See*

*Thompson,* 355 S.C. at 261, 584 S.E.2d at 134 ("The erroneous deprivation of a defendant's fundamental right to the assistance of counsel is *per se* reversible error.").

**REVERSED AND REMANDED.**

GOOLSBY and WILLIAMS, JJ., concur.