641 S.E.2d 921

**The STATE, Respondent,**

v.

**Christopher Lee PRIDE, Appellant.**

**No. 4208.**

Court of Appeals of South Carolina.

Submitted Jan. 1, 2007.
Decided Feb. 20, 2007.

Appellate Defender Robert M. Dudek, of Columbia, Fletcher N. Smith, Jr., of Greenville, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Thomas E. Pope, of Rock Hill; for Respondent.

BEATTY, J.:

Christopher Lee Pride was tried in absentia and without counsel for the charges of possession of crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute within the proximity of a school. After the jury convicted Pride of both offenses, the circuit court judge issued a sealed sentence. Pride appeals, arguing the circuit court judge erred in finding he waived his right to counsel. We affirm.[1]

## FACTS

As a result of an on-going narcotics investigation, detectives with the Union Police Department identified Pride as a crack cocaine dealer. On the morning of April 2, 2003, detectives went to Pride's residence and served him with a search warrant. Upon entering the residence, Detective Brian Bailey read Pride his *Miranda*[2] rights. Bailey then questioned Pride as to whether there were any illegal drugs in the house. According to Bailey, Pride admitted there were illegal drugs in the house and there was a bag of crack cocaine in his blue jeans which were located in his bedroom. While conducting a search of the area identified by Pride, the detectives found $1,875 in cash and a bag containing 3.62 grams of crack cocaine. Detectives then placed Pride under arrest and transported him to the police station. Pride gave a written statement in which he confessed to dealing crack cocaine and acknowledged the result of the detectives' search of his residence. Subsequently, a Union County grand jury indicted

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Pride for possession of crack cocaine with intent to distribute (PWID) and PWID within proximity of a school.

On October 13, 2004, Pride's case was called for trial. Although Pride was not present, William All, the public defender assigned to his case, appeared in court. When the circuit court judge inquired about Pride's absence All outlined the history of his representation of Pride. All explained that he was appointed to represent Pride on September 13, 2004, the first day of the term of court for which Pride was originally scheduled to go to trial. On that day, Pride was represented by Fletcher Smith, a private attorney. The circuit court judge, however, granted Smith's motion to be relieved and informed Pride that he needed to retain an attorney. Because Pride qualified for the public defender's office, All was appointed to his case.

Pride failed to appear for two scheduled appointments with All. Each time, Pride informed All that he could not attend the appointments because of his work schedule. After the two missed appointments, All sent Pride a letter on October 1, 2004, indicating that his trial was scheduled for the week of October 11, 2004, and that he could not adequately represent him without speaking with him. Additionally, All asked Pride to advise him if he had retained private counsel. In response, Pride scheduled another appointment for October 7th. Pride again failed to appear for this appointment and offered no explanation.

On October 11th, Pride went to the Union County courthouse to report for roll call and was arrested for a driving under suspension charge. When officers searched Pride's person, they discovered $5,000 in his pocket. While in custody, law enforcement transported Pride to the courthouse so that he could speak with All. At that time, Pride told All that Smith was again representing him and he had intended to give Smith the $5,000 after he reported for roll call. Later that evening, Pride was released from custody. The next morning at the courthouse, All told Pride that Smith needed to come to the courthouse to review the pre-trial motions that the solicitor intended to use during his case. According to All, Pride indicated that Smith would come to the courthouse. All then contacted Smith's office in the afternoon and discussed the

matter with Smith's administrative assistant. The administrative assistant informed All that Pride had attempted to pay $250 for Smith's representation. In response, All stated that Pride had indicated to him that he had $5,000 for Smith. Although Smith's administrative assistant stated that she would contact Pride about payment and then call All back, she did not contact All and there is no evidence in the record of an agreement by Smith to represent Pride. On the morning of trial, the solicitor contacted All and told him that Smith's office had informed him that Smith did not represent Pride.

Upon hearing this factual recitation, the solicitor moved to have Pride tried in his absence. The circuit court judge then inquired whether All wished to make a motion to be relieved as counsel. Although All was hesitant to make the motion out of an ethical obligation to his client, he made the motion which was granted by the judge. In so ruling, the judge specifically found that Pride waived his right to counsel by his conduct. Pride was then tried and convicted for the drug offenses. After the jury returned a verdict, the judge issued a sealed sentence.

On January 18, 2005, Pride appeared in court to be sentenced. Pride admitted that he did not have an attorney for the sentencing hearing. All appeared at the hearing and again explained his history of representing Pride. He indicated that he could "perfect an appeal for [Pride] if he wants to raise the issue of whether or not he shouldn't have been tried in his absence." All indicated that he would move for appellate defense to represent Pride in his appeal. The judge then asked All to stand with Pride as he imposed the sentence. The judge sentenced Pride to twenty-five years imprisonment and a $50,000 fine for PWID and fifteen years imprisonment and a $10,000 fine for PWID within proximity of a school. The sentences were to be served concurrently. This appeal followed.

## DISCUSSION

Pride argues the circuit court judge erred in relieving All as his counsel and proceeding with the trial in his absence.

He contends his conduct was not sufficient to establish that he waived his right to counsel.[3]

As a threshold matter, we initially question whether Pride adequately preserved this issue for our review. Although Pride's lack of trial representation was discussed at his sentencing hearing, Pride never moved for a new trial on the ground that he did not knowingly waive his right to counsel. Moreover, as we read the record, All offered to perfect an appeal for Pride only on the issue of whether a trial in his absence was appropriate. *See State v. Williams,* 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991)(holding defendant, who was tried and convicted in his absence without counsel, failed to preserve issue of whether he waived his right to trial counsel where neither he nor his sentencing attorney raised this issue to the circuit court); *cf. State v. White,* 305 S.C. 455, 456, 409 S.E.2d 397, 397 (1991) (finding defendant, who was tried and convicted in his absence without counsel and appeared *pro se* at the sentencing hearing, could raise the issue of whether he waived his right to trial counsel because defendant's first opportunity to raise the issue was on appeal).

Assuming the general discussion during the sentencing hearing was sufficient to preserve this issue, we find the circuit court judge correctly found Pride waived his right to counsel by his conduct.

"The Sixth Amendment guarantees criminal defendants a right to counsel. This right may be waived." *State v. Gill,* 355 S.C. 234, 243, 584 S.E.2d 432, 437 (Ct.App.2003) (citations omitted). This court has explained that "[a] defendant may surrender his right to counsel through (1) waiver by affirmative, verbal request; (2) waiver by conduct; and (3) forfeiture." *State v. Thompson,* 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct.App.2003).

In support of his argument, Pride appropriately relies on our decision in *State v. Thompson,* 355 S.C. 255, 584 S.E.2d 131 (Ct.App.2003). However, as will be more fully discussed, neither *Thompson* nor our more recent case of *State v.*

---

**3.** Although Pride was tried in his absence and without counsel, we believe Pride only challenges the waiver of his right to counsel. Accordingly, we confine our analysis to this limited issue.

*Roberson,* 371 S.C. 334, 638 S.E.2d 93 (Ct.App.2006), require reversal of Pride's convictions and sentences.

In *Thompson,* the defendant was tried in absentia and without counsel for the offenses of discharging a firearm into a dwelling and malicious injury to personal property over $1,000 but less than $5,000. After the jury convicted Thompson, the judge issued a sealed sentence. At sentencing, Thompson's counsel moved for a new trial because he was denied the right to counsel. Counsel claimed that Thompson had appeared at four or five roll calls after his arrest. Additionally, counsel alleged that Thompson, despite his request, had been turned down for a public defender because he did not meet the financial requirements to qualify. In terms of Thompson's failure to appear at trial, his counsel informed the court that Thompson was not given adequate notice of the trial date. *Id.* at 260, 584 S.E.2d at 133. The court denied Thompson's motion for a new trial. *Id.* at 260, 584 S.E.2d at 134. On appeal, this court reversed the decision of the circuit court. We held that Thompson's failure to appear at trial did not rise to the level of waiver. *Id.* at 266, 584 S.E.2d at 136. Our decision was based on the following factors: (1) Thompson had not been advised of the dangers and disadvantages of self-representation under *Faretta;* (2) there was no inference in the record that Thompson understood the dangers and disadvantages of self-representation; and (3) Thompson did not have a prior record which would have familiarized him with the criminal court system. *Id.* at 267, 584 S.E.2d at 137.

Recently, this court had the opportunity to apply *Thompson* in reaching its decision in *State v. Roberson,* 371 S.C. 334, 638 S.E.2d 93 (Ct.App.2006). In *Roberson,* the defendant was arrested and then released on bond for failing to register as a sex offender. The terms of the bond required the defendant to appear for roll call at the term of general sessions court in Dorchester County beginning on November 29, 1999. By signing the bond, the defendant acknowledged that he would be tried in his absence if he failed to appear in court. The Dorchester County Solicitor's office mailed to the defendant's last known address two notices of appearances for the terms of court scheduled for November 29, 1999, and January 10, 2000. On February 16, 2000, the defendant was tried in his

absence without counsel. After the jury convicted the defendant, the circuit court judge issued a sealed sentence.

Approximately three years later, the defendant, who was represented by counsel, appeared before the circuit court to be sentenced. During this hearing, the defendant's counsel moved for a new trial on the grounds the defendant did not knowingly and voluntarily fail to appear for his trial and he was denied his right to be represented by counsel at trial. Because it was unclear whether the defendant had been represented at trial, the judge continued the motion until a trial transcript could be located. At the final hearing, the defendant's counsel moved to vacate the defendant's conviction and sentence primarily on the ground that he was not represented by counsel at trial. In response, the solicitor asserted the defendant waived his right to counsel by failing to appear and that he was apprised of his right to counsel at the bond hearing. The judge denied the motion for a new trial finding the defendant waived his right to counsel because the terms of his bond indicated that he would be tried in his absence if he failed to appear and he had been informed of his right to counsel at the bond hearing. *Roberson,* at 335, 638 S.E.2d at 94.

On appeal, we reversed the circuit court judge's decision and remanded for a new trial. *Id.* at 338, 638 S.E.2d at 95. Applying *Thompson,* we found the defendant's failure to appear at trial did not constitute an affirmative waiver of his right to counsel. Moreover, because the defendant was never advised of proceeding without representation, we declined to infer that the defendant's conduct, *i.e.,* his failure to appear at trial, constituted a waiver of his right to counsel. *Id.* at 262, 584 S.E.2d at 135.

Although a cursory reading of above-outlined cases would appear to warrant a reversal of Pride's convictions and sentences, upon closer review we find a crucial difference between the facts in Pride's case and those of *Thompson* and *Roberson.* Significantly, unlike Pride, the defendants in *Thompson* and *Roberson* were not represented by counsel until the sentencing hearing. Thus, the finding that the defendants in *Thompson* and *Roberson* waived their right to trial counsel was based solely on their failure to appear for trial. Here, Pride not only

failed to appear for trial but he also failed to cooperate with his appointed counsel. Pride was represented by appointed counsel and given additional time to prepare for trial after his private attorney was relieved. Pride repeatedly failed to appear for his scheduled appointments with the public defender or offer any assistance in preparation for his defense. Pride also gave assurances to his appointed counsel up to the day before trial that a private attorney would represent him. Pride, however, was aware this private attorney had been relieved as counsel when the case was initially scheduled to be tried. Despite the knowledge of his trial date, Pride failed to cooperate with his appointed counsel and failed to retain a private attorney by the date of the scheduled trial. Based on the foregoing, we find Pride's deliberate and dilatory conduct was sufficient to waive his right to counsel.

We believe our decision is consistent with case law in this State where our appellate courts found the defendant's conduct constituted a waiver of his right to counsel. *See State v. Cain,* 277 S.C. 210, 210–11, 284 S.E.2d 779, 779 (1981) (inferring waiver of counsel and affirming defendant's conviction and sentence where defendant, who was tried in absentia and without counsel for third-offense driving under the influence, failed to fulfill the conditions of his appearance bond and neglected to keep in contact with his attorney despite knowing the trial was imminent); *see also State v. Jacobs,* 271 S.C. 126, 126–28, 245 S.E.2d 606, 607–08 (1978) (inferring defendant waived his right to counsel where: (1) trial court allowed defendant, a non-indigent, reasonable time to retain counsel; (2) trial court urged defendant on several occasions to retain counsel and provided defendant access to a telephone and additional time to make the arrangements; (3) defendant on the day of trial did not name his attorney; and (4) defendant failed to make a sufficient showing of reasons for his failure to have counsel present at trial); *State v. Gill,* 355 S.C. 234, 245, 584 S.E.2d 432, 437–38 (Ct.App.2003) (inferring defendant waived his right to counsel where defendant failed to retain counsel for trial despite his repeated assurances to the court that he intended to hire private counsel and did not require the appointment of a public defender).

Accordingly, Pride's convictions and sentences are **AFFIRMED.**

ANDERSON and HUFF, JJ., concur.