United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-11240

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO BALDERAS; RICHARD CHUNG,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
3:04-CR-205-2

Before JOLLY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Chung and Antonio Balderas were involved in two separate drug rings in the Dallas,

Texas area.  Both were convicted of drug and money laundering conspiracies in a single trial and now

appeal on multiple grounds.  We affirm.

Balderas first contests the sufficiency of the evidence to support the conspiracy and money

laundering convictions.  In reviewing a challenge to the sufficiency of the evidence where the

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

defendant properly moved for a judgment of acquittal, this court views all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. *United States v. Carrion-Caliz*, 944 F.2d 220, 222 (5th Cir. 1991). In conducting this review, we accept all credibility choices and reasonable inferences made by the jury, and the standard remains the same whether the evidence is direct or circumstantial. *United States v. Nixon*, 816 F.2d 1022, 1029 (5th Cir. 1987).

The testimony of a co-conspirator - that he saw Balderas open a hidden compartment and remove cocaine - alone is enough to sustain Balderas's conviction for the drug conspiracy. The government introduced additional evidence of phone calls between Balderas and two other co-conspirators that also establishes guilt. A rational jury could have found Balderas's guilt beyond a reasonable doubt.

As to the money laundering count, Balderas relies on *United States v. Cuellar*, 441 F.3d 329 (5th Cir. 2006), *rev'd en banc*, 478 F.3d 282 (5th Cir. 2007), as his brief was submitted before the court released its en banc decision. As the government correctly points out, the en banc court's decision in *Cuellar* supports Balderas's conviction for money laundering. The evidence was sufficient to support the jury's guilty verdict on both counts.

Next, Balderas argues that the district court erred in admitting transcripts of phone conversations. These conversations were in Spanish, and the government also introduced English translations in transcript form. These translations not only included what was said but also identifed each speaker. This court reviews a district court's evidentiary rulings for abuse of discretion. *United States v. Gutierrez-Farias*, 294 F.3d 657, 662 (5th Cir. 2002).

First, Balderas argues that a proper foundation was not laid for the admission of the English translation of conversations that took place in Spanish because the actual translator did not testify to their accuracy. While some testimony is necessary to establish the accuracy of the translation, Ignacio Arandas, even though he did not personally translate the recordings, testified to listening to every conversation and checking the accuracy of the translations. This satisfies the government's burden of producing evidence that is "sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a). The district court was within its discretion to accept Arandas's testimony as a proper foundation for admitting the transcripts and translations.

Second, Balderas argues that the district court improperly admitted expert testimony on voice identification. A voice exemplar was made of Balderas during the investigation, and Arandas testified that after listening to the voice exemplar, he could identify the person on the recordings of phone conversations as Balderas. This is not expert testimony and does not require any special foundation beyond establishing that the person is familiar with the voice they are identifying. FED. R. EVID. 901(b)(5). The district court's evidentiary rulings were not in error.

Next, Balderas argues that his joint trial with Chung was unfair because much of the evidence presented at trial had nothing to do with Balderas. Balderas's attorney did not move for severance. If a defendant fails to move for severance at trial, the issue is considered waived. *United States v. Mann*, 161 F.3d 840, 862 (5th Cir. 1998).

Alternatively, Balderas argues that his trial counsel was ineffective for failing to move for severance at trial and/or to request a limiting instruction be given to the jury. "[I]neffective assistance claims cannot be resolved on direct appeal unless adequately raised in the district court." *United States v. Fierro*, 38 F.3d 761, 774 n.6 (5th Cir. 1994) (citing *United States v. McCaskey*, 9 F.3d 368,

380 (5th Cir. 1993)). While this rule may sometimes be waived "when the record [provides] substantial details about the attorney's conduct," *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991), there was no such record development in this case, rendering the claim premature.

Finally, Balderas argues that the prosecution was allowed free rein in questioning Jose Rico, a co-conspirator who cooperated with the government and testified against Balderas. The district court allowed the government to ask leading questions after Rico testified to being unable to remember certain details or to identify voices on a tape recording. Balderas argues that this questioning also communicated the prosecution's theory of the case to the jury during questioning. Some leading questions are permissible when a witness is hostile. *United States v. Sutherland*, 463 F.2d 641, 650 (5th Cir. 1972). "Some reasonable latitude must be allowed the prosecuting attorney in refreshing a witness' recollection, particularly in dealing with a reluctant, if not necessarily hostile, witness." *Gill v. United States*, 285 F.2d 711, 713 (5th Cir. 1961). We find no error here where the government was questioning a reluctant witness.

Chung asserts three arguments on appeal. First, Chung argues that his trial violated both the Speedy Trial Act and the Sixth Amendment. Three hundred fifty-four days passed between the unsealing of the indictment and the beginning of trial, more than the seventy days allowed by the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(1). The district court's exclusions of time were properly granted to Chung's co-defendants, and there was no violation of the Speedy Trial Act. *See United States v. Bieganowski*, 313 F.3d 264, 281 (5th Cir. 2002) ("Thus, the Act excludes from the calculation of the seventy-day limit any delay resulting from the proper grant of a continuance requested by a co-defendant."). The court in this case appropriately entered written findings that the case was complex and that continuances were necessary in the interests of justice when requested by

4

Chung's co-defendants. Accordingly, Chung's trial did not violate the Speedy Trial Act.

Typically, in this Circuit, a delay of one year is needed to trigger a speedy trial analysis under the Sixth Amendment. *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993). Because the delay in this case was not greater than a year, this court need not consider this challenge. Even if the *Barker* factors were considered, Chung has made no showing of prejudice, *United States v. Tannehill*, 49 F.3d 1049, 1054 (5th Cir. 1995), or any showing that a delay was clearly attributable to the government, *United States v. Harvey*, 897 F.2d 1300, 1303 (5th Cir. 1990). Therefore, there are no grounds for a Sixth Amendment challenge in this case.

Second, Chung argues that he went to trial only to preserve his Speedy Trial Act claim and therefore should have been afforded the acceptance of responsibility reduction under the Sentencing Guidelines. However, at trial, his attorney moved for an instructed verdict of not guilty, thereby challenging the government's substantive case at trial. *United States v. Fells*, 78 F.3d 168, 171 (5th Cir. 1996) ("Normally, one who puts the government to its burden of proof at trial will not qualify" for a reduction for acceptance of responsibility.). Therefore, Chung was not entitled to the sentencing reduction.

Third, Chung argues that his sentence was increased on the basis of state convictions that had been dismissed. Based on these convictions, Chung moved from criminal history category I to II, increasing his imprisonment range from 292 to 365 months to 324 to 405 months. He was sentenced to 324 months' imprisonment. The commentary to the guidelines provides, "A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law . . . . Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted." U.S.S.G. §

5

4A1.2, Application Comment 10.

Expungement is not automatic under South Carolina law; rather, even after charges are dismissed, the defendant must file a motion to expunge his record, even if the conviction was overturned on the basis of innocence. S.C. Code Ann. § 22-5-920; *see also* S.C. Code Ann. § 17-1-40; *State v. Fairey*, 2007 WL 1120525, *3, * 8 (S.C. Ct. App. 2007). Chung has not shown that his prior convictions were dismissed on the basis of innocence or errors of law or that they were expunged under South Carolina law. Therefore, the district court did not err in increasing his sentence based on these convictions.

None of the defendants' claims are meritorious. We affirm the district court on all challenges asserted in this case.