**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terbias Jerrod Goff, Appellant.

Appellate Case No. 2022-000112

---

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-102
Submitted March 1, 2024 – Filed March 27, 2024

---

**AFFIRMED**

---

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

---

**PER CURIAM:** Terbias Jerrod Goff appeals his conviction for failing to register as a sex offender, second offense, and his sentence of 366 days' imprisonment. On

appeal, Goff argues the trial court erred by denying his motion for a continuance and trying him *in absentia*. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in denying the continuance request and trying Goff *in absentia*. *See State v. Ravenell*, 387 S.C. 449, 454, 692 S.E.2d 554, 557 (Ct. App. 2010) ("In criminal cases, the appellate court sits to review errors of law only."); *id*. at 455, 692 S.E.2d at 557 ("It is well established that, although the Sixth Amendment of the United States Constitution guarantees the right of an accused to be present at every stage of his trial, this right may be waived, and a defendant may be tried in his absence."); *id*. at 455, 692 S.E.2d at 557-58 ("A trial judge must determine a criminal defendant voluntarily waived his right to be present at trial in order to try the defendant in his absence."). The State satisfied the notice requirements as Goff, by signing the bond paperwork, was on notice that he had the right to be present at his trial and could be tried in his absence if he failed to appear. *See id.* at 455, 692 S.E.2d at 558 ("The judge must make findings of fact on the record that the defendant (1) received notice of his right to be present and (2) was warned he would be tried in his absence should he fail to attend."); Rule 16, SCRCrimP ("[A] person indicted for misdemeanors and/or felonies may voluntarily waive his right to be present and may be tried in his absence upon a finding by the court that such person has received notice of his right to be present and that a warning was given that the trial would proceed in his absence upon a failure to attend the court."); *State v. Fairey*, 374 S.C. 92, 101, 646 S.E.2d 445, 449 (Ct. App. 2007) ("A bond form that provides notice that a defendant can be tried in absentia may serve as the requisite notice."). Also, Goff did not receive actual notice of his trial date because of his own actions as the State attempted to serve Goff via the mail and in person to no avail because Goff failed to notify the court of his current address, despite his acknowledgement of his obligation to do so. *See id.* at 100, 646 S.E.2d at 448 ("Notice of the term of court for which the trial is set constitutes sufficient notice to enable a criminal defendant to make an effective waiver of his right to be present." (quoting *City of Aiken v. Koontz*, 368 S.C. 542, 547, 629 S.E.2d 686, 689 (Ct. App. 2006))); *see also State v. Wrapp*, 421 S.C. 531, 537, 808 S.E.2d 821, 824 (Ct. App. 2017) ("It seems logical that for one to voluntarily fail to attend trial or otherwise waive his trial appearance, one must actually know when the trial is to occur."); *Fairey*, 374 S.C. at 101, 646 S.E.2d at 449 (holding the defendant received adequate notice when the State mailed the notice to the last official, permanent address he provided to the court and the State, and he failed to keep the court or the State informed of his change in address); *Ellis v. State*, 267 S.C. 257, 261, 227 S.E.2d 304, 306 (1976) ("The deliberate absence of a defendant who knows that he stands accused in a criminal case and that his trial will begin during a specific period of time indicates nothing less than an intention to obstruct the orderly processes of justice.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.