20266

Danny ELLIS, Appellant, v. STATE of South Carolina, Respondent.
(227 S. E. (2d) 304)

*Messrs. Roy T. Stuckey, Vance L. Cowden* and *Holcombe H. Thomas, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Harry W. Davis, Jr., Asst. Attys. Gen.,* of Columbia, *for Respondent,*

August 9, 1976.

*Per Curiam:*

Appellant, Danny Ellis, appeals from the denial, after an evidentiary hearing, of his application for post-conviction relief. He was found guilty by a jury of the unlawful distribution of marijuana, a misdemeanor, and was sentenced to five (5) years imprisonment. Appellant was not present at the time of his trial and the trial was conducted in his absence. He contends he is entitled to relief because of alleged

violations of his federal constitutional rights. We disagree and affirm.

Appellant was arrested in Lancaster County on January 22, 1974, and was released five days later from custody on bail conditioned upon his appearance at the next ensuing term of court. The next term of general sessions court in Lancaster County was scheduled to commence on February 4. Appellant requested and was appointed counsel the day after his arrest and a preliminary hearing was held on January 31.

On February 11, 1974, after indictment, appellant was tried and convicted *in absentia* after he failed to respond to the bailiff's three calls. His appointed counsel was present and represented him at the trial.

At the post-conviction evidentiary hearing in the lower court, appellant testified that he knew he was required to be present at his trial, but deliberately left the State and went to New Orleans before his trial because he didn't want to face the presiding trial judge due to his reputation for imposing lengthy sentences. He admitted being present at the courthouse on February 4, and that he knew his trial would take place during this term of court.

The transcript of appellant's trial does not clearly show what authority the trial judge relied upon to proceed with appellant's trial in his absence. Appellant, in his post-conviction relief application, assumed that the judge relied upon Cir. Ct. Rule 35 which provides that "[n]o person shall be tried on an indictment unless personally present, except for misdemeanor . . ." The lower court (post-conviction), also assuming that Rule 35 was relied upon, found that appellant voluntarily absented himself from his trial, and held that his conviction was, therefore, lawful under Rule 35.

There is no challenge to the lower court's conclusion that appellant's absence was voluntary and no claim appellant's trial *in absentia* was not authorized by Rule 35. Appellant,

in the lower court, contended Rule 35 violated his Sixth Amendment right to be present at his trial. The lower court, relying upon *State v. Sessions,* 225 S. C. 177, 81 S. E. (2d) 287 (1954), held that Rule 35 did not deny appellant his right to be present at his trial. On appeal, appellant asserts that his right to be present was violated because he was not aware that he could be tried in his absence, and did not know the specific date of his trial.

Appellant concedes that an accused's right to be present at his trial can be waived but maintains that such waiver must not only be voluntary but also knowing as required for waiver of counsel. *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). He contends that his mere voluntary absence cannot be construed as an effective waiver of his right to be present.

While we agree that the Sixth Amendment of the U. S. Constitution guarantees the right of the accused to be present at every stage of his trial, and is applicable to the States by reason of the Fourteenth Amendment,[1] *Illinois v. Allen,* 397 U. S. 337, 90 S. Ct. 1057, 25 L. Ed. (2d) 353 (1970), and that such right, at least in the instant case, is waivable, *Taylor v. United States,* 414 U. S. 17, 94 S. Ct. 194, 38 L. Ed. (2d) 174 (1973), we disagree with appellant's assertion that he did not waive this right.

Appellant never contended in the lower court that he was unaware that he could be tried *in absentia.* Furthermore, a knowing waiver of a defendant's right to be present at his trial rests upon his waiver of his known right to be present, not upon the (possibly unknown) court's right to try him while absent. *State v. Davis,* 108 Ariz. 335, 498 P. (2d) 202 (1972). "The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence." *Taylor v.*

---

[1] S. C. Constit. Art. I, § 14 guarantees the same right. *State v. Faries,* 125 S. C. 281, 118 S. E. 620 (1923).

*United States, supra.* Appellant does not contend he was unaware of his right to be present at his trial.

In our courts of general sessions, defendants are generally only given notice of the term of court in which they will be tried and do not know the exact date and time of their trial until shortly before the trial begins. We think such notice is sufficient to enable a defendant to make an effective waiver of his right to be present at his trial. Appellant admitted knowing which term of court he was scheduled to be tried in before he left for New Orleans. The deliberate absence of a defendant who knows that he stands accused in a criminal case and that his trial will begin during a specific period of time indicates nothing less than an intention to obstruct the orderly processes of justice. No defendant has a unilateral right to set the time or circumstances under which he will be tried. The public interest demands that criminal prosecutions be prosecuted with dispatch. *United States v. Tortora,* 464 F. (2d) 1202 (2d Cir. 1972).

Appellant next contends he was denied the right to effective assistance of counsel because he had not discussed his case with his attorney prior to trial and was not present to assist him at the trial. A defendant who waives his right to be present at trial cannot assert his absence resulted in the ineffective assistance of counsel. The lower court was of the opinion that appellant received effective assistance of counsel at his trial and there is substantial evidence in the record to support that opinion.

Lastly, appellant argues he was entitled to relief on the ground that because accused felons in South Carolina may not be tried *in absentia,* it was a denial of equal protection for him, a misdemeanant, to be tried *in absentia.* He contends such a distinction is arbitrary and adversely affects fundamental rights. We disagree.

While a misdemeanant may be tried *in absentia,* he has the right to insist that he be present at all stages of his trial. *State v. Sessions, supra.* In addition, the

separation of the more serious crime from the less serious crime has traditionally been by means of designating the former as felonies and the latter as misdemeanors. Limiting the application of Rule 35 to misdemeanor is, thus, a rational and reasonable distinction.

Affirmed.

NESS, J., disqualified.

GREGORY, J., disqualified.