22637

The STATE, Respondent v. Arthur L. JACKSON, Appellant.

(351 S. E. (2d) 167)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carlisle Roberts, Jr.,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Oct. 20, 1986.

Decided Dec. 8, 1986.

*Per Curiam:*

Appellant was tried in his absence and convicted of housebreaking. We reverse and remand for a new trial.

Neither appellant nor his counsel was present at trial. The State produced no evidence at trial that appellant had been given notice of his trial date. At the sentencing hearing six months later, appellant moved for a new trial but was not permitted to state his grounds. Appellant argues on appeal that he is entitled to a new trial because the record does not support a finding that he knowingly and intelligently waived his right to be present. We agree.

Notice of the term of court for which the trial is set constitutes sufficient notice to enable a criminal defendant to make an effective waiver of his right to be present. *Ellis v. State,* 267 S. C. 257, 227 S. E. (2d) 304 (1976). If the record, however, does not include evidence to support a finding that the defendant was afforded notice of his trial, the resulting conviction *in absentia* cannot stand. *State v. Simmons,* 279 S. C. 165, 303 S. E. (2d) 857 (1983); *Brewer v.*

*South Carolina State Highway Dept.*, 261 S. C. 52, 198 S. E. (2d) 256 (1973). Appellant therefore is entitled to a new trial.

Appellant also excepts to the sentencing judge's refusal to entertain his motion for a reduction of sentence. While we need not address this issue in light of our disposition in this case, we reiterate for the benefit of the trial bench our holding in *State v. Smith,* 276 S. C. 494, 280 S. E. (2d) 200 (1981), that when a sealed sentence is opened and read, the judge has the authority to consider a motion for reduction of sentence.

Accordingly, the judgment of the lower court is reversed and the case is remanded for a new trial.

Reversed and remanded.

GREGORY, J., not participating.