629 S.E.2d 686

**CITY OF AIKEN, Respondent,**

v.

**DAVID MICHAEL KOONTZ, Appellant.**

No. 4094.

Court of Appeals of South Carolina.

Submitted March 1, 2006.

Decided March 20, 2006.

Rehearing Denied May 18, 2006.

544

Leon E. Green, of Aiken, for Appellant.

City Solicitor Richard L. Pearce, of Aiken, for Respondent.

ANDERSON, J.:

David Michael Koontz was tried in absentia and without counsel. He was convicted of driving under suspension (DUS), third offense. The trial judge sentenced him to six months and a $2,100 fine. On appeal, Koontz argues the trial judge erred in proceeding with his trial in absentia. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

On May 8, 2004, Koontz drove his children to the public safety headquarters to deliver them to his wife, from whom he was separated. As Koontz drove up, his wife informed Aiken Department of Public Safety Officer Edgar Gonzalez that Koontz should not be driving because his license was suspend-

---

[1]. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

ed. Officer Gonzalez observed Koontz driving a Dodge truck and verified with dispatch that Koontz's license was suspended. He arrested Koontz for DUS, third offense.

Koontz was charged with DUS, third offense, by South Carolina Uniform Traffic Ticket # 70962CT. The traffic ticket set a trial date for June 28, 2004. Between May 8, 2004 and June 28, 2004, Koontz hired an attorney to represent him. In defense counsel's June 25, 2004 notice of representation letter, he notified the municipal judge he was representing Koontz, requested a jury trial, and asked that he be informed of all court dates. The trial was continued from June 28 to another date. Defense counsel was informed of the August 3, September 21, and October 19, 2004, Aiken Municipal Court jury terms.

On October 19, at the start of the October term of jury trials, defense counsel petitioned the municipal court judge to be relieved as attorney for Koontz due to Koontz's failure to: (1) respond to his phone calls; (2) pay him; and (3) otherwise aid in the defense preparation. The Aiken City Solicitor informed the trial judge that defense counsel attended roll call on October 19, 2004 and "indicated that he had notified [Koontz] to be here and that he was going to be relieved as his attorney." In his motion to be relieved, defense counsel declared: "Upon being notified that [Koontz's] case was on the trial roster for the week of October 18, [defense counsel] sent [Koontz] notice of his trial at the address provided by [Koontz]." Koontz did not contact his attorney, the city solicitor, or the municipal judge and did not show up for roll call or jury selection. Defense counsel was relieved from further representation of Koontz on October 19, the same day as roll call and jury selection for Koontz's trial.

On October 20, 2004, Koontz was tried in his absence for DUS, third offense. The jury found Koontz guilty as charged.

Koontz received notice of his conviction the same day. On October 26, 2004, Koontz filed an appeal with the circuit court. Koontz alleged he was entitled to a new trial because he did not receive notice of the trial date and due process was denied him because he was not given the opportunity to defend himself at trial. The circuit judge affirmed the conviction and sentence.

## STANDARD OF REVIEW

In criminal appeals from municipal court, the circuit court does not conduct a de novo review, but instead reviews for preserved error raised to it by appropriate exception. *State v. Landis,* 362 S.C. 97, 606 S.E.2d 503 (Ct.App.2004); *State v. Henderson,* 347 S.C. 455, 556 S.E.2d 691 (Ct.App. 2001); *see also* S.C.Code Ann. § 14–25–105 (Supp.2005) ("There shall be no trial de novo on any appeal from a municipal court."). The appellate court reviewing the criminal appeal from the circuit court may review for errors of law only. *State v. Cutter,* 261 S.C. 140, 199 S.E.2d 61 (1973); *Henderson,* 347 S.C. at 457, 556 S.E.2d at 692. In criminal cases, the court of appeals sits to review errors of law only and is bound by the factual findings of the trial court unless clearly erroneous. *State v. Patterson,* 367 S.C. 219, 625 S.E.2d 239 (Ct.App.2006); *Landis,* 362 S.C. at 101, 606 S.E.2d at 505.

## *LAW/ANALYSIS*

Koontz asserts the trial court "commit[ted] reversible error when it tried [Koontz] in his absence and did not make a factual finding on the issue of whether [Koontz] received notice of the trial." Additionally, Koontz contends "there was no finding of fact by the presiding judge that [Koontz] had in fact waived his right to be present for his trial." We disagree.

A criminal defendant has a constitutional right guaranteed by the Confrontation Clause of the Sixth Amendment to be present at trial. *See* U.S. Const. amend. VI; *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) ("One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial."). However, Rule 16, SCRCrimP provides:

> Except in cases wherein capital punishment is a permissible sentence, a person indicted for misdemeanors and/or felonies may voluntarily waive his right to be present and may be tried in his absence upon a finding by the court that such person has received notice of his right to be present and that a warning was given that the trial would proceed in his absence upon a failure to attend the court.

Thus, it is well established that a defendant may be tried in his absence. *State v. Thompson*, 355 S.C. 255, 584 S.E.2d 131 (Ct.App.2003).

■■■■ While Rule 16 permits a knowing and intelligent waiver of the right to be present, such a waiver is permitted only in limited circumstances. *State v. Patterson*, 367 S.C. 219, 625 S.E.2d 239 (Ct.App.2006). In order for a criminal defendant to be tried in absentia, certain requirements must first be met. *State v. Truesdale*, 345 S.C. 542, 548 S.E.2d 896 (Ct.App.2001). A trial judge must determine a defendant voluntarily waived his right to be present at trial in order to try the case in absentia. *State v. Ritch*, 292 S.C. 75, 354 S.E.2d 909 (1987); *State v. Jackson*, 288 S.C. 94, 341 S.E.2d 375 (1986); *Truesdale*, 345 S.C. at 549 n. 5, 548 S.E.2d at 899 n. 5; *State v. Castineira*, 341 S.C. 619, 535 S.E.2d 449 (Ct.App. 2000), *aff'd*, 351 S.C. 635, 572 S.E.2d 263 (2002). Additionally, the trial judge must make findings of fact on the record that the defendant (1) received notice of his right to be present; and (2) was warned that the trial would proceed in his absence should he fail to attend. *Jackson*, 288 S.C. at 96, 341 S.E.2d at 375; *Castineira*, 341 S.C. at 623, 535 S.E.2d at 451.

■■■■ Notice of the term of court for which the trial is set constitutes sufficient notice to enable a criminal defendant to make an effective waiver of his right to be present. *State v. Jackson*, 290 S.C. 435, 351 S.E.2d 167 (1986); *Ellis v. State*, 267 S.C. 257, 227 S.E.2d 304 (1976); *see also State v. Goode*, 299 S.C. 479, 385 S.E.2d 844 (1989) (stating general notice given by courts of general session as to which term an individual will be tried in is sufficient to enable that individual to effectively waive his right to be present). If the record, however, does not include evidence to support a finding that the defendant was afforded notice of his trial, the resulting conviction in absentia cannot stand. *Jackson*, 290 S.C. at 436, 351 S.E.2d at 167.

When Koontz posted bond on May 9, 2004, the day after his arrest, he was provided an order specifying methods and conditions of release. The order contained, in Paragraph 3, the following language:

    3. That the defendant **shall** appear at … the session of … municipal … court beginning on … 6–28–04 at …

8:30 o'clock, A.M., at ... 251 Laurens Street, Aiken, SC 29801. If no final disposition is made during that session, **the defendant shall appear at such other times and places as ordered by the court.** (Emphasis added).

Koontz specifically initialed this paragraph, which is highlighted on the form by being enclosed in a box. This form contained an "Acknowledgement by Defendant," which read: "I understand and have been informed that I have a right and obligation to be present at trial and should I fail to attend the court, the trial will proceed in my absence." Koontz signed his name at the bottom of this form.

On the "Checklist for Magistrates and Municipal Judges" dated May 9, 2004, the judge noted that Koontz "was informed ... [of][h]is right and obligation to be present at trial and that trial will proceed in his absence if he fails to attend."

On October 19, prior to jury selection, the judge asked: "Is [Koontz] here?" The city solicitor responded: "No sir, Judge. His lawyer appeared and he has a motion on your desk to be relieved as his counsel. We are ready to proceed with the trial in his absence." After the jury was selected and the trial was about to begin on October 20, the judge reviewed Koontz's absence from the courtroom. He advised the jury of Koontz's legal rights and that Koontz was given notice of his right to be present at trial. The judge noted: "Just for a moment to revisit what I told you all last night Mr. Koontz was given a summons and notice to appear yesterday afternoon."

According to defense counsel, Koontz was aware of the October 19 jury trial term and the need for him to be present for roll call and trial. Koontz was on notice early in the process of his need to be at each term of municipal court. More importantly, his retained attorney notified him of the October term when his case was going to be tried.

The record is replete with Koontz's notices to be in court for his trial. He was warned that a failure to appear would result in a trial in his absence and signed a statement that he understood that warning and his obligations. The City complied with Koontz's request for a jury trial and his request to be notified of his court dates through his attorney. Koontz's case was not tried at two city court jury terms, August and September, instead being held over to the October term.

549

Koontz was given ample opportunity to defend himself at trial but he failed to appear for roll call or the trial itself, even after being notified of his trial date by his attorney. He made no effort to contact the City or the court to inform them that defense counsel was no longer his attorney and that further notices should be sent to him personally or to request an extension after his attorney petitioned to be and was relieved from representation.

The municipal judge fully complied with the mandates of Rule 16, SCRCrimP. The trial court correctly proceeded with a trial in Koontz's absence after making appropriate factual findings on the issue of whether Koontz had notice of the trial and whether he was warned the trial would proceed in his absence. Further, Koontz's former attorney noted that Koontz had received the proper notice.

## CONCLUSION

Accordingly, Koontz's conviction and sentence are
**AFFIRMED.**

HEARN, C.J. and KITTREDGE, J., concur.