THIS OPINION HAS
 NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Christopher Lee
 ODonald, Appellant.
 
 
 

Appeal from Oconee County
 J. Cordell Maddox, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-007
Submitted December 1, 2007  Filed January
 2, 2008    
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMcMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and
 Assistant Solicitor Christina Theos Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Christopher
 ODonald appeals from his convictions for burglary first and grand larceny.  ODonald
 contends the trial judge erred in (1) trying him in absentia without notice of
 his right to be present and without warning that he would be tried in his absence
 should he fail to attend; and (2) finding the assistant solicitors comment
 during closing argument about ODonalds absence was proper.  We affirm. [1]
FACTUAL/PROCEDURAL
 BACKGROUND
An Oconee County grand jury indicted ODonald for grand larceny in an amount greater than
 $5,000, distribution of an imitation controlled substance, and first-degree
 burglary.  When ODonald posted bond on February 4, 2005, he signed an order
 specifying the methods and conditions of his release.  The order read as
 follows: 

 That
 the defendant shall appear at . . .  the term of court of general sessions
 beginning on March 21, 2005 . . . and remain there throughout that term of
 court.  If no disposition is made during that term, the defendant shall appear
 and remain throughout each succeeding term of court until final disposition is
 made of his case, unless otherwise ordered by the court.  

ODonalds initial trial occurred in August of 2005. 
 ODonald did not attend the trial.  The trial resulted in a hung jury. 
 ODonalds trial was rescheduled for the September 19, 2005 term of court. 
 Prior to trial, the solicitors office delivered a card to ODonalds residence
 and ODonalds bonding company.  The card stated ODonald was required to
 appear in court on September 19, 2005.  In addition, the card warned ODonald
 that failure to appear would result in a bench warrant, and he could be tried
 in his absence.  
On September 21, 2005, the State moved to try ODonald
 in absentia.  In support of its motion, the State introduced copies of the card
 delivered to ODonalds residence and the order relating to ODonalds bond.  ODonalds
 counsel objected and moved for a continuance on the grounds that ODonald did
 not receive proper notice.  Specifically, ODonalds counsel argued: 

 Your
 honor, my position is if [the solicitors office] know[s] where to go and give
 him a note, they know where to go arrest him on a bench warrant, which was
 issued last term. They can take him to the jail and then hell be here at the
 next term of court when we can try the case with him here. 

The judge denied the motion
 for a continuance and proceeded with the trial. 
Prior to opening arguments, the trial judge talked to
 the jury concerning ODonalds absence.  The trial judge stated as follows:

 I will
 tell you that the Defendant does not have to be here.  Our system allows for a
 Defendant to waive his presence during the course of the trial.  The Defendant
 is still presumed innocent, even though [he is] not here, and that is a very
 important tenet.  And I know its sometimes hard for jurors to get their mind
 around, but that Defendant, even though [he is] not here, is still presumed
 innocent, the burden is still on the State to prove [its] case.  So you
 shouldnt hold it against the Defendant or the Defense that the Defendant is
 not present in the courtroom today. 

The trial adjourned and recovened the next morning.  After
 the State and the defense had rested, ODonald appeared in the courtroom.  The trial
 judge questioned ODonald regarding his right to be present during the trial.  ODonald
 stated he had talked to his lawyer, he understood he had a right to be present,
 and he understood he was facing up to life imprisonment.  ODonald further
 stated he did not want to be present, and he did not want to talk to his lawyer
 about any other options.  ODonald told the trial judge to have a good one
 and left the courtroom.  The trial judge found ODonald understood his rights
 and did not want to be present for the trial. 
The trial resumed,
 and the State and the Defense made closing arguments.  During the States
 closing argument, the assistant solicitor stated, This is [the victims] only
 day in court, its Chris ODonalds only day in court.  I submit to you, even
 though hes not here, for whatever reason, the Judge will tell you you cant
 consider that.  ODonalds counsel objected to the solicitors comment because
 it referred to ODonalds absence.  The trial judge overruled the objection,
 stating the comment was proper. 
Following closing arguments, the trial judge charged
 the jury.  He instructed the jury not to consider the fact that the Defendant
 was not present and did not testify.  The trial judge added the Defendant had a
 constitutional right to be absent and silent.  The trial judge reiterated you
 are to draw no conclusion whatsoever from the fact that the Defendant in this
 case did not appear or testify[,] . . . [it] should not even be discussed in
 the jury room.  
The jury returned
 verdicts of guilty for burglary first and grand larceny in an amount between
 $1,000 and $5,000.  The jury found ODonald not guilty of distribution of an
 imitation controlled substance.  This appeal followed.
LAW/ANALYSIS
I.  Trial in Absentia
ODonald first asserts the trial judge erred in trying
 him in absentia without making the proper findings of fact that he received
 notice of his right to be present and was warned he would be tried in his
 absence should he fail to attend.  We disagree.  
Although the Sixth
 Amendment of the Constitution guarantees the right of a criminal defendant to
 be present at trial, this right may be waived.  Ellis v. State, 267 S.C.
 257, 260, 227 S.E.2d 304, 305 (1976); State v. Fairey, 374 S.C. 92, 99, 646
 S.E.2d 445, 448 (Ct. App. 2007).  Rule 16, SCRCrimP provides:

 Except
 in cases wherein capital punishment is a permissible sentence, a person
 indicted for misdemeanors and/or felonies may voluntarily waive his right to be
 present and may be tried in his absence upon a finding by the court that such
 person has received notice of his right to be present and that a warning was
 given that the trial would proceed in his absence upon a failure to attend the
 court.

While Rule 16 permits a
 knowing and intelligent waiver of the right to be present, such a waiver is
 permitted only in limited circumstances.  City of Aiken v. Koontz, 368
 S.C. 542, 547, 629 S.E.2d 686, 689 (2006).  The trial court must determine the
 defendant voluntarily waived his right to be present.  Id.  In addition,
 the trial court must make factual findings that the defendant (1) received
 notice of his right to be present; and (2) was warned that the trial would
 proceed in his absence upon his failure to attend.  Id.  
Notice
 of the term of court in which the defendant will be tried is sufficient to
 enable the defendant to make an effective waiver of his right to be present.  Ellis,
 267 S.C. at 261, 227 S.E.2d at 306.  But if the record does not reveal evidence
 that the defendant was given notice of his trial, the resulting conviction in
 absentia cannot stand.  State v. Jackson, 290 S.C. 435, 436, 351 S.E. 2d
 167, 167 (1986).
Here,
 it is manifest ODonald had notice of the trial because he appeared in the
 courtroom during his trial and testified he did not wish to be present.  Furthermore,
 the record is replete with evidence that ODonald was notified to be in court
 for his trial.  The bond order that ODonald signed required ODonald to be in
 court during the March 21, 2005 term of court and to appear and remain
 throughout each succeeding term of court until final disposition is made of his
 case. (emphasis added).  The language requiring ODonald to remain
 throughout each succeeding term of court is sufficient to put ODonald on
 notice of his trial.  See City of Aiken 368 S.C. at 548, 629
 S.E.2d at 689 (holding a defendant had notice of his October 20, 2004 trial
 date where the trial date was set by court order and where defendant signed a
 bond form requiring the defendant to appear for trial on June 28, 2004 and
 such other times and places as ordered by the court).  In addition, the
 solicitors office delivered a card to ODonalds residence and bonding company
 notifying ODonald of the trial date.  
Also,
 the trial court made the requisite factual finding relating to whether ODonald
 was warned he would be tried in absentia should he fail to attend his trial. 
 After questioning ODonald concerning this right to be present, the trial court
 found ODonald was aware of his right to be present and did not wish to attend
 his trial.  There is evidence to support this finding. The trial transcript
 shows ODonald appeared in the courtroom during his trial and informed the
 trial judge he did not wish to be present.  In addition, the bond order
 contained an Acknowledgement by Defendant paragraph, that read: I understand
 and have been informed that I have a right and obligation to be present at
 trial and should I fail to attend the court, the trial will proceed in my absence.
  See Fairey, 374 S.C. at 101, 646 S.E.2d at 449 (A bond form
 that provides notice that a defendant can be tried in absentia may serve as the
 requisite notice.).
At
 any rate, ODonalds appearance in the courtroom during the trial and his
 testimony that he did not wish to attend his trial cured any error the trial
 court may have committed regarding ODonalds right to notice and right to be
 present at his trial and such conduct constituted a waiver of that right. 
 
II.  Solicitors Comments
ODonald
 also asserts the trial court erred in overruling his counsels objection when
 the assistant solicitor made a comment to the jury regarding ODonalds
 absence.  
The
 State may not comment on a defendants exercise of a constitutional right.  Edmond v. State, 341 S.C. 340, 345, 534 S.E.2d 682, 685 (2000). 
 Specifically, the State may not comment either directly or indirectly, on a
 defendants silence, failure to testify, or failure to present a defense.  McFadden
 v. State, 342 S.C. 637, 640, 539 S.E.2d 391, 393 (2000).  Improper comments
 on a defendants exercise of a constitutional right, however, do not
 automatically require reversal if they are not prejudicial to the defendant.  State
 v. Cooper, 334 S.C. 540, 554, 514 S.E.2d 584, 591 (1999).
Here, during the
 States closing argument, the assistant solicitor made an indirect comment regarding ODonalds absence.  The assistant solicitor stated, its Chris ODonalds
 only day in court[,] . . .  even though hes not here, for whatever reason, the
 Judge will tell you you cant consider that.  The trial judge, however, thoroughly
 charged the jury concerning ODonalds absence.  In his opening charge, the
 trial judge told the jury a Defendant may waive his presence during trial, and despite
 the Defendants absence, he is still presumed innocent and the burden is still
 on the State to prove its case.  The judge added that the jury was not to hold ODonalds
 absence against ODonald or the defense.  As part of his closing charges, the
 trial judge told the jury the Defendants absence, failure to testify, and
 failure to present a defense were not to be considered.  In addition, the trial
 judge explained that ODonald had a constitutional right to be absent and
 silent. 
We hold the trial
 judges instructions to the jury cured any prejudice to ODonald.  See Cooper,
 334 S.C. at 554, 514 S.E.2d at 591  (holding even if the solicitors comments
 referred to Defendants failure to testify or present a defense at trial, any
 prejudice was cured by the trial judges instructions); Johnson v. State,
 325 S.C. 182, 480 S.E.2d 733 (1997) (holding even if the comment was improper,
 the trial courts instruction that the jury could not consider the defendants
 failure to testify in any way and could not hold it against him was sufficient
 to cure any error).
CONCLUSION
Based
 on the foregoing, the trial courts rulings are
AFFIRMED.
HUFF AND PIEPER, JJ. and GOOLSBY, A.J., concur.  

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.