**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

John Garner Kimble, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-213572

---

Appeal From Greenville County
R. Markley Dennis, Jr., Circuit Court Judge

---

Memorandum Opinion No. 2016-MO-011
Submitted December 1, 2015 – Filed April 13, 2016

---

**AFFIRMED**

---

Benjamin John Tripp, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Karen C. Ratigan, both of Columbia, for Respondent.

---

**PER CURIAM:** Pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), we granted Appellant a belated review of his direct appeal issues. Appellant now argues the trial court erred in: (1) trying Appellant in his absence; and (2) denying Appellant's motion for a directed verdict on his first-degree burglary charge. We

affirm the trial court pursuant to Rule 220(b)(1), SCACR, and the following authorities. (1) With respect to the trial *in absentia* issue: *Ellis v. State*, 267 S.C. 257, 260, 227 S.E.2d 304, 305 (1976) (stating "'[t]he right at issue [under the Sixth Amendment] is the right to be present, and the question becomes whether that right was effectively waived by [the defendant's] voluntary absence'") (quoting *Taylor v. United States*, 414 U.S. 17, 20 (1973))); *id.* at 261, 227 S.E.2d at 306 ("The deliberate absence of a defendant who knows that he stands accused in a criminal case and that his trial will begin during a specific period of time indicates nothing less than an intention to obstruct the orderly processes of justice."); *see also State v. Jackson*, 288 S.C. 94, 96, 341 S.E.2d 375, 375 (1986) (stating that before a trial *in absentia* may begin, the trial court should make findings of fact regarding whether the appellant had received notice of his right to be present and been warned that the trial would proceed in his absence upon a failure to attend court); *State v. Fairey*, 374 S.C. 92, 101, 646 S.E.2d 445, 449 (Ct. App. 2007) (providing a bond form providing notice that the defendant can be tried *in absentia* may serve as the requisite notice) (citing *City of Aiken v. Koontz*, 368 S.C. 542, 548, 629 S.E.2d 686, 689–90 (2006); *State v. Goode*, 299 S.C. 479, 385 S.E.2d 844 (1989))). (2) With respect to the directed verdict issue: S.C. Code Ann. § 16-11-311 (A)(1)(a) (2003) ("A person is guilty of burglary in the first degree if the person enters a dwelling [during the nighttime] without consent and with intent to commit a crime in the dwelling, and . . . when, in effecting entry or while in the dwelling . . . he or another participant in the crime is armed with a deadly weapon . . . ."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling upon a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* (stating if there is any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury) (citations omitted)).

**AFFIRMED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice Jean H. Toal, concur.**