**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Emmanuel Bashan Elleby, Appellant.

Appellate Case No. 2015-002620

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

Unpublished Opinion No. 2017-UP-420
Submitted October 1, 2017 – Filed November 8, 2017

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson, Assistant Attorney General Susan Ranee Saunders, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. McKennedy*, 348 S.C. 270, 280, 559 S.E.2d 850, 855 (2002) ("[A] trial court's denial of a motion for continuance 'will not be disturbed absent a clear abuse of discretion.'" (quoting *State v. Williams*, 321 S.C. 455, 459, 469

S.E.2d 49, 51 (1996))); *State v. Ravenell*, 387 S.C. 449, 456, 692 S.E.2d 554, 558 (Ct. App. 2010) ("[A] trial [court] must make findings of fact on the record that the defendant (1) received notice of his right to be present and (2) was warned he would be tried in his absence should he fail to attend."); *City of Aiken v. Koontz*, 368 S.C. 542, 547, 629 S.E.2d 686, 689 (Ct. App. 2006) ("Notice of the term of court for which the trial is set constitutes sufficient notice to enable a criminal defendant to make an effective waiver of his right to be present."); *State v. Fairey*, 374 S.C. 92, 101-03, 646 S.E.2d 445, 449-50 (Ct. App. 2007) (holding the defendant's signature on a bond form "served as a warning that he would be tried in his absence" should he fail to appear).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.