**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Elizabeth Leanne Howze, Appellant.

Appellate Case No. 2019-002068

———————

Appeal From Chester County
D. Craig Brown, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-091
Submitted February 1, 2022 – Filed March 2, 2022

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Randy Newman, Jr., of Lancaster, all for Respondent.

———————

**PER CURIAM:** Elizabeth Howze appeals her convictions for possession with intent to distribute methamphetamine and distribution of methamphetamine. On

appeal, she argues the trial court erred in denying her request for a continuance and proceeding with her trial *in absentia*. We affirm.

We find the trial court made the requisite findings that Howze received notice of her right to be present and was warned the trial would proceed in her absence. Therefore, the trial court did not err in denying her motion for a continuance. *See State v. Ravenell*, 387 S.C. 449, 455, 692 S.E.2d 554, 557 (Ct. App. 2010) ("The trial court's denial of a motion for a continuance will not be disturbed on appeal absent a clear abuse of discretion."); Rule 16, SCRCrimP (stating a defendant may voluntarily waive her right to be present at trial, and therefore, be tried *in absentia*); *State v. Patterson*, 367 S.C. 219, 229, 625 S.E.2d 239, 244 (Ct. App. 2006) (stating that in order to proceed *in absentia*, "the trial [court] must make findings of fact that the defendant (1) received notice of the right to be present and (2) was warned the trial would proceed in [her] absence"); *State v. Fairey*, 374 S.C. 92, 101, 646 S.E.2d 445, 449 (Ct. App. 2007) ("A bond form that provides notice that a defendant can be tried in absentia may serve as the requisite notice."); *State v. Jackson*, 290 S.C. 435, 436, 351 S.E.2d 167, 167 (1986) ("Notice of the term of court for which the trial is set constitutes sufficient notice to enable a criminal defendant to make an effective waiver of [her] right to be present.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.